CONFORMED
COPY

1  MIRIAM C. BEEZY (CA Bar No. 134729)
     mbeezy@foley.com
2  JEAN-PAUL CIARDULLO (CA Bar No. 284170)
     jciardullo@foley.com
3  **FOLEY & LARDNER LLP**
   555 South Flower Street, Suite 3500
4  Los Angeles, CA 90071-2411
   Tel: 213.972.4500
5  Fax: 213.486.0065

6  *Attorneys for Plaintiff,*
   *Stone Mart Corp.*
7

FILED
CLERK, U.S. DISTRICT COURT

OCT 24 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **WESTERN DIVISION**

11
   Stone Mart Corp., a California          Case No: **CV13-07882**-PSG
12 corporation                                                    (Ex)
13              Plaintiff,                  **COMPLAINT FOR TRADEMARK
                                            COUNTERFEITING, TRADEMARK
14         v.                               INFRINGEMENT,
                                            CYBERSQUATTING, AND UNFAIR
15 Paul Alexander Lao, an individual, and  COMPETITION**
   Stone Mart, Inc., a Utah corporation
16                                          DEMAND FOR JURY TRIAL
17              Defendants.
18

19

20      Plaintiff, Stone Mart Corp., by counsel, complains against Paul Alexander

21 Lao ("Lao") and Stone Mart, Inc. (Lao and Stone Mart, Inc. may collectively be

22 referred to herin as "Defendants"), as follows:

                      **PARTIES AND JURISDICTION**

23      1.      Plaintiff, Stone Mart Corp., is a California corporation, having its

24 principal place of business at 13425 Sherman Way, North Hollywood, California

25 91605.

26      2.      Defendant Stone Mart, Inc., upon information and belief, is a Utah

27 corporation doing business as STONE MART with its principal place of business

28

4813-2524-8278.1

at 3112 South 300 West, Salt Lake City, Utah 84115.

3.     Defendant Lao, upon information and belief, is a controlling principal of Defendant Stone Mart, Inc. and is not a resident of California.

4.     This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§ 1051-1127, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

5.     Venue is proper in the Central District of California in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action have occurred in this judicial district.

## COUNT I:  FEDERAL TRADEMARK COUNTERFEITING

6.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs 1 through 5 of this Complaint.

7.     Since long prior to the acts of Defendants complained of herein, Stone Mart Corp. has been engaged in the business of, *inter alia*, offering retail store services featuring various stone and tile products to the general public as well as wholesale store services featuring various stone and tile products.

8.     Since at least as early as 1996, long prior to the acts of Defendants complained of herein, Stone Mart Corp. has provided its aforesaid retail and wholesale store services under the name and mark STONE MART from a showroom at 13425 Sherman Way, North Hollywood, California 91605.

9.     Stone Mart Corp.'s Sherman Way showroom occupies almost 400 feet of street frontage and features at least 6 exterior signs which display the STONE

COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT,
CYBERSQUATTING AND UNFAIR COMPETITION

MART name and mark in letters 18 inches high or larger.

10.     Since at least as early as 1999, long prior to the acts of Defendants complained of herein, Stone Mart Corp. has advertised and promoted its goods and store services in a number of ways, including through a website associated with the domain name STONEMART.com.

11.     By virtue of aforesaid extensive use, advertising, and promotion, and long prior to the acts of the Defendants complained of herein, Stone Mart Corp.'s aforesaid STONE MART name and mark have acquired a strong secondary meaning signifying Stone Mart Corp.

12.     Stone Mart Corp. has registered its aforesaid STONE MART mark in the United States Patent and Trademark Office as follows:

| REG. NO. | DATE | SERVICES |
| --- | --- | --- |
| 3,451,606 | June 17, 2008 | Wholesale distributorships featuring natural stone products, namely, marble, granite, limestone, quartz, travertine, slate, Jurassic fossil stone, amethyst, lapis lazuli, mother of pearl, wild agate and tiger's eye; Retail store services featuring natural stone products, namely, marble, granite, limestone, quartz, travertine, slate, Jurassic fossil stone, amethyst, lapis lazuli, mother of pearl, wild agate and tiger's eye |
| 4,249,839 | Nov. 27, 2012 | Retail store services featuring natural stone products, gemstone and semiprecious stone products, engineered stone products, marble, granite, travertine, onyx, limestone, quartzite, quartz, amethyst, carnelian, petrified wood, agate, jasper, sodalite, tiger's eye, malachite, lapis lazuli, mother of pearl, tiles, natural stone tiles, glass tiles, mosaic tiles; Wholesale store services featuring natural stone products, gemstone and semiprecious stone products, engineered stone products, marble, granite, travertine, onyx, limestone, quartzite, quartz, amethyst, carnelian, petrified wood, agate, jasper, sodalite, tiger's eye, malachite, lapis lazuli, mother of pearl, tiles, natural stone tiles, glass tiles, mosaic tiles |

COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, CYBERSQUATTING AND UNFAIR COMPETITION

4813-2524-8278.1

13. Registrations Nos. 3,451,606 and 4,249,839 are filed herewith as **Exhibits A and B**, respectively.

14. The aforesaid registrations are valid, subsisting, and owned by Stone Mart Corp.

15. Stone Mart Corp. now owns a most valuable goodwill which is symbolized by its aforesaid STONE MART name and mark, the use of which substantially increases the value of its retail and wholesale store and the salability of the goods and services offered under the name and mark.

16. Upon information and belief, Defendant Lao at one time lived at 13801 Sherman Way, Apartment 5, Van Nuys, California 91405.

17. Upon information and belief, 13801 Sherman Way, Apartment 5, Van Nuys, California 91405 is about 700 yards away from Stone Mart Corp.'s above described Sherman Way showroom.

18. Upon information and belief, Stone Mart Corp. prominently displayed its STONE MART name and mark outside its Sherman Way showroom on at least 6 different exterior signs in letters 18 inches high or larger at the time Defendant Lao lived about 700 yards away.

19. Long subsequent to the aforesaid acquisition of secondary meaning of Stone Mart Corp.'s STONE MART name and mark, Defendants intentionally commenced using Stone Mart Corp.'s STONE MART name and mark for retail services featuring various stone products.

20. Upon information and belief, long subsequent to the aforesaid acquisition of secondary meaning of Stone Mart Corp.'s STONE MART name and mark, Defendant Lao formed the Utah corporation Stone Mart, Inc. in January 2011.

21. Long subsequent to the aforesaid acquisition of secondary meaning of Stone Mart Corp.'s STONE MART name and mark, and long subsequent to Stone Mart Corp.'s establishment of an online presence associated with Stone Mart

4

Corp.'s domain name STONEMART.com, upon information and belief Defendant

Lao registered the domain name STONEMARTUS.com on March 8, 2011 with

domain name registrar 1&1 Internet, Inc. of 701 Lee Road, Suite 300,

Chesterbrook, Pennsylvania 19087.

22.　Upon information and belief, Defendants Lao and Stone Mart, Inc.

use a website associated with the domain name STONEMARTUS.com to

advertise, promote, and offer retail services featuring various stone products under

the name and mark STONE MART to customers throughout the United States,

including California.

23.　Upon information and belief, Defendants Lao and Stone Mart, Inc.

use social media, including accounts with Twitter, Facebook, and Yahoo!, to

advertise, promote, and offer retail services featuring various stone products under

the name and mark STONE MART to customers throughout the United States,

including California.

24.　The aforesaid unauthorized use by Defendants of Stone Mart Corp.'s

STONE MART name and mark falsely and deceptively represents the Defendants'

aforesaid retail services and products, and is likely to cause confusion with

legitimate use of Stone Mart Corp.'s STONE MART name and mark, or deception

or mistake as to source, sponsorship, or approval of the Defendants' aforesaid

retail services featuring various stone products.

25.　Prior to initiation of this action, counsel for Stone Mart Corp. wrote to

Defendants on two occasions demanding that, *inter alia*, Defendants cease use of

the STONE MART name and mark.  Upon information and belief, such letters

were received by Defendants but they have not ceased use of the STONE MART

name and mark.

26.　Each of the aforesaid uses of Stone Mart Corp's mark STONE MART

by a defendant constitutes trademark counterfeiting within the meaning of Section

34(d) of the United States Trademark Act, 15 U.S.C. § 1116(d).

27.     The aforesaid unauthorized use by Defendants of Stone Mart Corp.'s STONE MART name and mark is greatly and irreparably damaging to Stone Mart Corp. and will continue to damage Stone Mart Corp. until enjoined by this Court; wherefore, Stone Mart Corp. is without adequate remedy at law.

## COUNT II:  FEDERAL TRADEMARK INFRINGEMENT

28.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs  1 through 24, and 26 of this Complaint.

29.     Each of the aforesaid uses of Stone Mart Corp's mark STONE MART by a defendant infringes Stone Mart Corp.'s STONE MART mark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

## COUNT III: FEDERAL CYBERSQUATTING

30.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs  1 through 24, and 26 of this Complaint.

31.     Stone Mart Corp.'s STONE MART mark was distinctive at the time of registration of the domain name STONEMARTUS.com by Defendant Lao.

32.     Upon information and belief, Defendants registered and used the domain name STONEMARTUS.com in bad faith.

33.     The domain name STONEMARTUS.com is identical or confusingly similar to Stone Mart Corp.'s STONE MART mark.

34.     The registration and use of the domain name STONEMARTUS.com by Defendants constitutes cybersquatting in violation of Section 43(d) of the United States Trademark Act, 15 U.S.C. § 1125(d).

## COUNT IV: FEDERAL UNFAIR COMPETITION

35.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs 1 through 11, 14 through 24, and 26 of this

COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, CYBERSQUATTING AND UNFAIR COMPETITION

Complaint.

36.     The aforesaid unauthorized use by Defendants of the STONE MART name and mark constitutes a misleading use of a word, term, name, trade dress, symbol or device, or a combination thereof, in violation of Section 43(a) of the United States Trademark Act, § 1125(a).

## COUNT IV: CALIFORNIA STATUTORY UNFAIR COMPETITION

37.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs 1 through 11, 14 through 24, and 26 of this Complaint.

38.     The aforesaid unauthorized use by Defendants of the STONE MART name and mark constitutes an unlawful, unfair, or fraudulent business act or practice in violation of the Unfair Competition Statute of the State of California, Cal. Bus. & Prof. Code §§ 17200 et seq.

## COUNT V: CALIFORNIA COMMON LAW UNFAIR COMPETITION

39.     Stone Mart Corp. realleges and incorporates by reference the allegations contained in paragraphs 1 through 11, 14 through 24, and 26 of this Complaint.

40.     The aforesaid unauthorized use by Defendants of the STONE MART name and mark constitutes an  unlawful, unfair, or fraudulent business act or practice in violation of the common law of the state of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stone Mart Corp. prays that:

1.     Defendants Paul Alexander Lao and Stone Mart, Inc., and each of their partners, officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT,
CYBERSQUATTING AND UNFAIR COMPETITION

4813-2524-8278.1

1        a.    using the STONE MART name or mark;

2        b.    using any name, mark, logo, or other trade identity that consists in whole or in part of both of the terms "stone" and "mart", with or without additional elements,  for retail or wholesale services of stone or tile products, or related goods;

        c.    deleting, closing, or deactivating any social media account (*e.g.* Twitter, Facebook, Yahoo!) for which the user name consists in whole or in part of both of the terms "stone" and "mart", with or without additional elements such that the content of the account is no longer available to third parties;

        d.    using any other name, mark, logo, trade dress, or other trade identity which is a reproduction, counterfeit copy, or colorable imitation of Stone Mart's STONE MART name or mark;

        e.    doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their services or products, emanate from Stone Mart Corp. or are connected with, sponsored by, or approved by, Stone Mart Corp.; and

        f.    doing any other act or thing to assist any party in any of the acts or things proscribed by paragraphs (a) through (d) above.

2.    Defendants Paul Alexander Lao and Stone Mart, Inc. be required to pay to Stone Mart Corp., jointly and severally, the following:

        a.    in accordance with 15 U.S.C. § 1117(c), statutory damages in the amount of two million dollars ($2,000,000.00);

        b.    in accordance with 15 U.S.C. § 1117(d), statutory damages in the amount of one hundred thousand dollars ($100,000.00);

        c.    in accordance with 15 U.S.C. § 1117(a), three times such damages as Stone Mart Corp. has suffered as a result of Defendants' acts of infringement and unfair competition, three times all profits wrongfully derived by Defendants from such acts, and Stone Mart Corp.'s costs, including reasonable

8

attorneys' fees;

d.      in accordance with Cal. Bus. & Prof. Code §§ 17200 et seq. and the common law of the State of California, restitution and actual damages suffered as a result of Defendants' acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

3.      Defendants be required, in accordance with 15 U.S.C. § 1118, to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the name and mark STONE MART or any other name, mark, or logo comprising, in whole or in part, "STONE MART", or any other reproduction, counterfeit, copy, or colorable imitation of Stone Mart's STONE MART name and mark, with or without other elements, and all plates, models, matrices and other means of making same.

4.      Defendants be required, in accordance with 15 U.S.C. § 1125(d)(1)(C), to transfer the domain name STONEMARTUS.com to Stone Mart Corp. or its designated agent.

5.      Defendants Paul Alexander Lao and Stone Mart, Inc. each be required, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and serve upon Stone Mart Corp., a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court.

6.      Stone Mart Corp. have such other and further relief as the Court deems just and equitable.

COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, CYBERSQUATTING AND UNFAIR COMPETITION

4813-2524-8278.1

1  Dated: _Oct. 24_, 2013          **FOLEY & LARDNER LLP**

2

3

4

5                                          By: _____
                                                MIRIAM C. BEEZY
6                                               JEAN-PAUL CIARDULLO
                                                Attorneys for Plaintiff, Stone Mart
7                                               Corp.

8

9

10                        **DEMAND FOR JURY TRIAL**

11       Stone Mart Corp hereby demands a trial by jury of all issues triable by a

    jury.
12

13  Dated: _Oct. 24_, 2013          **FOLEY & LARDNER LLP**

14

15

16

17                                         By: _____
                                                MIRIAM C. BEEZY
18                                              JEAN-PAUL CIARDULLO
                                                Attorneys for Plaintiff, Stone Mart
19                                              Corp.

20

21

22

23

24

25

26

27

28

                                        10
                  COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT,
                             CYBERSQUATTING AND UNFAIR COMPETITION

4813-2524-8278.1

**EXHIBIT A**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,451,606

Registered June 17, 2008

## SERVICE MARK
### SUPPLEMENTAL REGISTER

# STONE MART

STONE MART CORP. (CALIFORNIA CORPORA-
TION)
13425 SHERMAN WAY
NORTH HOLLYWOOD, CA 91605

FOR: WHOLESALE DISTRIBUTORSHIPS FEA-
TURING NATURAL STONE PRODUCTS, NAMELY,
MARBLE, GRANITE, LIMESTONE, QUARTZ, TRA-
VERTINE, SLATE, JURAISSIC FOSSIL STONE,
AMETHYST, LAPIS LAZULI, MOTHER OF PEARL,
WILD AGATE AND TIGER'S EYE; RETAIL STORE
SERVICES FEATURING NATURAL STONE PRO-
DUCTS, NAMELY, MARBLE, GRANITE, LIME-
STONE, QUARTZ, TRAVERTINE, SLATE,
JURAISSIC FOSSIL STONE, AMETHYST, LAPIS
LAZULI, MOTHER OF PEARL, WILD AGATE

AND TIGER'S EYE, IN CLASS 35 (U.S. CLS. 100, 101
AND 102).

FIRST USE 8-0-1996; IN COMMERCE 8-0-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MART", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-295,037, FILED P.R. 10-3-2007; AM. S.R.
4-16-2008.

DAWN HAN, EXAMINING ATTORNEY

**EXHIBIT B**



**United States of America**

United States Patent and Trademark Office

# STONE MART

**Reg. No. 4,249,839**

**Registered Nov. 27, 2012**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

STONE MART CORP. (CALIFORNIA CORPORATION)
13425 SHERMAN WAY
NORTH HOLLYWOOD, CA 91605

FOR: RETAIL STORE SERVICES FEATURING NATURAL STONE PRODUCTS, GEMSTONE AND SEMIPRECIOUS STONE PRODUCTS, ENGINEERED STONE PRODUCTS, MARBLE, GRANITE, TRAVERTINE, ONYX, LIMESTONE, QUARTZITE, QUARTZ, AMETHYST, CARNELIAN, PETRIFIED WOOD, AGATE, JASPER, SODALITE, TIGER'S EYE, MALACHITE, LAPIS LAZULI, MOTHER OF PEARL, TILES, NATURAL STONE TILES, GLASS TILES, MOSAIC TILES; WHOLESALE STORE SERVICES FEATURING NATURAL STONE PRODUCTS, GEMSTONE AND SEMIPRECIOUS STONE PRODUCTS, ENGINEERED STONE PRODUCTS, MARBLE, GRANITE, TRAVERTINE, ONYX, LIMESTONE, QUARTZITE, QUARTZ, AMETHYST, CARNELIAN, PETRIFIED WOOD, AGATE, JASPER, SODALITE, TIGER'S EYE, MALACHITE, LAPIS LAZULI, MOTHER OF PEARL, TILES, NATURAL STONE TILES, GLASS TILES, MOSAIC TILES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-1-1996; IN COMMERCE 8-1-1996.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,451,606 AND 3,556,859.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MART", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-590,579, FILED 4-5-2012.

KAREN K. BUSH, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Philip S. Gutierrez _____ and the assigned
Magistrate Judge is _____ Charles F. Eick _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-7882-PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ October 24, 2013 _____
Date

By  MDAVIS _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

### Subsequent documents must be filed at the following location:

☑ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Stone Mart Corp., a California corporation

)
)
)
)
)
*Plaintiff(s)*
)
v.
)
)  Civil Action No. **CV 13-07882**-PSG
)            (Ex)
Paul Alexander Lao, an individual, and Stone Mart,
Inc., a Utah corporation
)
)
)
*Defendant(s)*
)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

MARILYN DAVIS

Date:  OCT 2 4 2013                                    _____
                                                       *Signature of Clerk or Deputy Clerk*
                                                                1227

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                              .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**CONFORMED COPY**

## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| STONE MART CORP., a California corporation | PAUL ALEXANDER LAO, an individual, and Stone Mart, Inc. a Utah corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) <br> Miriam C. Beezy and Jean-Paul Ciardullo <br> FOLEY & LARDNER LLP <br> 555 S. Flower St., #3500, Los Angeles, CA 90071-2411 <br> Tel: (213) 972-4500 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at Trial , but at least $2,100,000.00

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1051-1127, 28 U.S.C. § 1332(a), and 28 U.S.C. § 1338(a).

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**CV13-07882**

**FOR OFFICE USE ONLY:** Case Number: _____

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| ☐ Yes  ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.  ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  [X] NO    [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  [X] NO    [ ] YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE: October 24, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |